UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAUNDELLE DIAL,

    Plaintiff,

    v.

THOMAS KANE, *et al.*,

    Defendants.

Civil Action No. 17-1605 (JEB)

## MEMORANDUM OPINION

Plaintiff Shaundelle Dial, proceeding before this Court *pro se*, brings a civil-rights action against thirteen current or former employees of the Bureau of Prisons. Dial is a federal prisoner currently serving a 100-month sentence for carjacking. His Complaint alleges that during his time in prison he has suffered a litany of abuses by BOP staff at various institutions. Dial claims, *inter alia*, that he was unlawfully denied medical and mental-health treatment, prevented from accessing legal work and the law library, deprived of mail privileges, and impermissibly left in solitary confinement. Defendants now move for dismissal of Plaintiff's Complaint for failure to state a claim. They additionally request that the Court explicitly state that the dismissal, if granted, counts as a "strike" under the three-strikes provision of the Prison Litigation Reform Act (PLRA). The Court acquiesces in both respects.

**I.    Background**

On July 24, 2017, Dial filed a suit alleging seven counts against thirteen BOP Defendants. According to the facts alleged in the Complaint, which the Court must at this stage presume as true, he asserts that Defendant Thomas Kane, the Acting Direction of the Bureau, "allowed" him to get "sexual[ly] abused, [and] physically abused by correctional staff" at six

1

federal prisons from 2014 to 2016. See ECF No. 1 (Complaint), ¶ 1. He states that, as a result of his abuse, he has "suffered injuries, permanent scars, [and] nerve damage." Id. Second, Dial contends that he has been improperly retaliated against by BOP employees for behaviors related to his "chronic and lifelong" mental-health conditions. Id., ¶ 2. He asserts that he has "an IQ of 64 and concurrent deficits in adaptive functioning" that "interfere with [his] ability to learn in a conventional manner and [be] in society." Id. Dial alleges that his "severe mental illness" includes "exhibitionist[] disorder where I cannot stop exposing my genitals to staff or anybody," but that he has been "denied sexual deviance treatment," "left in [solitary] confinement lock-down 23 hours a day for months at a time," and denied other unspecified "accommodations." Id. Third, Plaintiff alleges that he has been "denied medical attention or treatment" for his "nerve damage from the prison staff physical abuse, [a] deformed toe . . . [,] allerg[ies] to bean, corn, peanuts, hernia, [and] urine problems." Id., ¶ 3. Fourth, he states that Defendants have thrown away his legal work and mail, have not granted him family and community contact, and have "denied [him] time in [the] law library to prepare for [his] case." Id., ¶ 4. Fifth, Dial brings a claim for "extortion," alleging that Defendants have "frozen [his] account," have made him "pay them 425 dollars," and have "denie[d] [him] all privileges where [he has] nothing to look forward to." Id., ¶ 5. Sixth, he contends that he has been left "in solitary confinement as a punishment" and been denied "all programming, vocational training, [and] any rehabilitation." Id., ¶ 6. Finally, Dial's seventh count asks for a lawyer to represent him because of his disabilities and mental illness, and states that he is "in seclusion where [his] property is taken from [him]." Id., ¶ 7. As relief for these alleged violations of his civil rights, Plaintiff requests, *inter alia*, "100 million dollars, an investigation, the prosecution of defendants, medical care, . . . mental health treatment, psychotherapy, counseling . . . , [and] a lawyer appointed by the courts

to represent [him]." Id. at 10.

In April of this year, Defendants filed a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment. See ECF No. 16. That Motion is now ripe.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." In evaluating Defendants' Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). The notice-pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and he must thus be given every favorable inference that may be drawn from the allegations of fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 584 (2007).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, id. at 555, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted). Though a plaintiff may survive a 12(b)(6) motion even if

3

"recovery is very remote and unlikely," Twombly, 550 U.S. at 556 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

### III. Analysis

Although Plaintiff never identifies any actual cause of action, the Court, in an effort to extend the benefit of the doubt to a *pro se* litigant, will treat his suit as raising claims that the named Defendants have violated his constitutional rights. The Court will therefore proceed with its analysis under the framework of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in which the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001).

#### A. Bivens Claims

In their Motion to Dismiss, Defendants assert that Dial fails to state a claim against the named BOP officials because "in a Bivens suit an individual government official cannot be personally liable for constitutional torts based on a theory of vicarious liability or a theory of *respondeat superior*." MTD at 9. This Court agrees. Although "Bivens establishes a cause of action for damages against a federal employee in his or her individual capacity for constitutional violations," Davis v. United States, 2015 WL 4245716, at *2 (D.D.C. 2015), such liability extends only to officials who themselves acted unconstitutionally. See Wood v. Moss, 134 S. Ct. 2056, 2070 (2014); Corr. Servs. Corp., 534 U.S. at 72 ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity . . . . [H]is only remedy lies against the individual[.]").

4

Here, Plaintiff brings no such allegations against any of the individual Defendants; in other words, he does not assert that any of the named BOP employees, "through [their] own individual actions, has violated the Constitution." Ashcroft, 556 U.S. at 676. Instead, Dial's theory of liability is predicated solely on his generalized claim that Kane (and the other Defendants) somehow "allowed" for his alleged abuse and deprivation of rights. Yet under Bivens, a federal official may not be held liable simply because he is in a position of authority over the alleged individual offender. Id. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); see Epps v. U.S. Att'y Gen., 575 F. Supp. 2d 232, 239 (D.D.C. 2008) ("A superior official cannot be held liable under . . . Bivens for the constitutional torts of employees under him or her; the common law theory of *respondeat superior* does not pertain to the federal government in this context.") (citing Marshall v. Reno, 915 F. Supp. 426, 429–30 (D.D.C. 1996)).

Dial's Complaint, moreover, makes clear that he knows that Defendants were not personally involved in the alleged violations. As part of his pleading, he lists the titles and addresses of each of the named BOP employees – all of whom act in supervisory positions in Washington, D.C. – but he does not explain how such high-level officials contributed to or even knew about the conduct described in his Complaint. See Compl. at 6-9. Because Plaintiff cannot connect the dots between Defendants and his allegations, the Court determines that his claim may not proceed. See Burke v. Lappin, 821 F. Supp. 2d 244, 247-48 (D.D.C. 2011) (dismissing complaint when Plaintiff did not "allege[] sufficient facts for which the current and former high-level officials at BOP headquarters may be held liable"); Cameron v. Thornburgh, 983 F.2d 253, 258 (D.C. Cir. 1993) (dismissing Bivens claims "based essentially on the bare

assumption that policy decisions made [by Defendants] in Washington might have affected [prisoner's] treatment").

B. Exhaustion

Even assuming that Dial could make out a Bivens claim against the named Defendants or others, his case could nonetheless not proceed. As the Motion to Dismiss accurately notes, Plaintiff has not administratively exhausted his administrative remedies. See MTD at 10-12. It is clear that, under the PLRA, "[p]risoners' claims supporting Bivens actions . . . must first be exhausted administratively" before such individuals may file suit in federal court. See Davis, 669 F. Supp. 2d at 49; 42 U.S.C. § 1997e(a) (providing that "[n]o action shall be brought . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). This exhaustion requirement, the Supreme Court has held, "demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Here, Defendants assert – and Plaintiff does not dispute – that Dial did not complete the BOP administrative-remedy process for any of the claims alleged in the Complaint. See MTD at 11-12. The Court therefore concludes that his failure to exhaust is an additional reason why his Complaint cannot overcome the instant Motion to Dismiss. See Johnson v. District of Columbia, 869 F. Supp. 2d 34, 37 (D.D.C. 2012) ("Rule 12(b)(6) motion to dismiss . . . [is] the appropriate vehicle[] to challenge an alleged failure to exhaust administrative remedies under the PLRA.").

C. Other Issues

Last, the Court briefly addresses two other issues raised in the parties' respective briefing. It turns first to Plaintiff's attempt to request discovery under Federal Rule of Civil Procedure 56(d). See Reply at 2-5. Under this Rule, the Court may, in its discretion, postpone

ruling on a motion for summary judgment pending further discovery. In order to obtain such relief, however, the party seeking discovery must show "by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." Here, the Court need not reach this issue because, as discussed above, it grants Defendants' Motion to Dismiss under the Bivens and exhaustion standards. As the Court is not converting the Motion into one seeking summary judgment, Plaintiff's request under Rule 56 simply does not come into play. Yet, even if the Court were to consider the Motion under the summary-judgment standard, Dial would not clear the Rule 56 bar. His Response never explains how his long list of discovery demands would provide him with information to contest Defendants' position. See Reply at 2-6. Such unsupported requests for discovery do not suffice as a reason for postponing summary judgment. See Covertino v. DOJ, 684 F.3d 93, 99 (D.C. Cir. 2012).

Second, the Court considers Defendants' request that, if this case is dismissed, the dismissal be explicitly deemed a "strike" under the PLRA. See MTD at 12. Under the Act's "three strikes" rule, an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a claim may not proceed in a further civil action *in forma pauperis* unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Here, Defendants urge the Court to affirmatively state that its dismissal of Dial's Complaint counts as a "strike" under this provision. Because the Court dismisses the suit *in toto* for failure to state a claim, it finds that its determination meets the criteria of § 1915(g) and will so state in its accompanying Order.

## IV. Conclusion

For the aforementioned reasons, the Court will grant Defendants' Motion to Dismiss. A separate Order consistent with this Opinion shall issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: May 30, 2018